UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. BRIGGS,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIAN ADDENTON, et al.,<br><br>    Defendants. | Case No. 23-cv-04919-EMC   (EMC)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND, ORDER DENYING IFP APPLICATION WITHOUT PREJUDICE**<br><br>Docket No. 6 |

    Plaintiff Ronnie Briggs filed the instant action against Brian Addenton, Aaron Baker, "Anderson," the Pittsburg Police Department, and Julie Nie. *See* Docket No. 5 ("Complaint").

    The Complaint is dismissed because Mr. Briggs does not identify any wrong committed by any Defendant. Mr. Briggs states that "Brian Addenton played with the court paperwork and had me sent here," but does not explain how either action harmed Mr. Briggs. *See id*. at 2. Mr. Briggs does not identify any action taken by the other Defendants, much less a wrongful action. *See id*.

    The Court will give Mr. Briggs **one chance** to amend to state a claim. If Mr. Briggs chooses to amend, he must identify what each Defendant did; where and when this occurred; and how the Defendant's actions harmed Mr. Briggs. Mr. Briggs is encouraged to write clearly and in natural language. The initial Complaint is largely illegible, and the Court cannot act on Mr. Briggs's allegations if it does not know what those allegations are.

    Mr. Briggs also applied for leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 6. Mr. Briggs's IFP application is **DENIED**. First, the application is incomplete. Mr. Briggs did not "submit a certified copy of the trust fund account statement (or institutional equivalent)," as he is required to do. 28 U.S.C. § 1915(a) (requiring such a statement for all prisoners). Second, Mr. Briggs appears to have accrued more than three strikes, and so is not entitled to proceed IFP. *See*

28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). The Court has discovered the following strikes:

- *Briggs v. Addenton et al.*, Case No. 20-1117-WHA (N.D. Cal. March 2, 2020) (dismissing claims as "delusional and clearly baseless," and failing to state a claim under § 1983);
- *Briggs v. City of Pittsburg*, Case No. 20-1439-WHA (N.D. Cal. May 4, 2020) (dismissing for failure to state a claim);
- *Briggs v. Addenton et al.,* Case No. 20-1440-WHA (N.D. Cal. May 4, 2020) (dismissing for failure to state a claim); and
- *Briggs v. Addenton et al.*, Case No. 20-7165-WHA (N.D. Cal. Dec. 1, 2020) (dismissing for failure to state a claim).

Mr. Briggs may renew his IFP application if he **both** files the required account statement, **and** shows either that he faces imminent danger or that at least two of the identified cases are not strikes.

## I.    CONCLUSION

The Complaint is dismissed with leave to amend. Mr. Briggs must file an amended complaint that complies with the directions in this order no later than **November 1, 2024**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.

Mr. Briggs is cautioned that his amended complaint must be a complete statement of his claims, except that he may not repeat claims the court has dismissed without leave to amend and may not repeat allegations against defendants the court has dismissed from this action. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent

amended complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").  If Mr. Briggs does not file an amended complaint by the deadline, the case **will** be dismissed with prejudice.

Mr. Briggs's IFP application is DENIED for the reasons stated above.  Docket No. 6.  Mr. Briggs may renew his IFP application no later than November 1, 2024, or alternatively may pay the filing fee for this action.  If Mr. Briggs does not take one of these steps by the deadline, this action **will** be dismissed for failure to pay the filing fee.

This order disposes of Docket No. 6.

**IT IS SO ORDERED**.

Dated: September 19, 2024

_____
EDWARD M. CHEN
United States District Judge